**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

WILLIAM E. HESTER, III, and
KATHRYN H. HESTER,

               Plaintiffs,

    v.

UNITED STATES TENNIS ASSOCIATION, INC.,

               Defendant.

------------------------------------------------------------------X

Case 1:26-cv-03701-AT

**ANSWER**

Defendant United States Tennis Association, Incorporated ("USTA"),[1] by and through its attorneys, Denlea & Carton, LLP, as and for its Answer to Plaintiffs William E. Hester, III's and Kathryn H. Hester's ("Plaintiffs") Complaint against the USTA, answers and alleges as follows:

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint, except states that Slew Hester was the President of the USTA and Chairman of the United States Open Tennis Championships ("US Open") and that the US Open has been contested at the USTA National Tennis Center since 1978.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms. (*See* ECF No. 1-6).

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

**PARTIES**

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

---

[1] Incorrectly sued here as "United States Tennis Association, Inc."

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except states that it is a not-for-profit corporation organized under New York law.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Complaint contain conclusions of law, not assertions of fact, to which no response is required.

9. The allegations contained in Paragraph 9 of the Complaint contain conclusions of law, not assertions of fact, to which no response is required.

## FACTS

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except states that Slew Hester held various executive positions in the Mississippi Tennis Association and the Southern Lawn Tennis Association.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint, except states that Slew Hester was a vice president of the USTA in 1974 and subsequently became the USTA's president.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint, and refers the Court to the publications referenced by the Plaintiffs in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint, and refers the Court to the publication referenced by the Plaintiffs in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, and refers the Court to public records concerning the alleged joint press conference.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, and refers the Court to the publications referenced by the Plaintiffs in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint, and refers the Court to the publications referenced by the Plaintiffs in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint, and refers the Court to the publication referenced by the Plaintiffs in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, and refers the Court to the publication referenced by the Plaintiffs in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint, except states that the US Open continues to grow and generate substantial revenue for the USTA.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint, except states that Louis Armstrong Stadium hosted US Open tennis matches in 1993.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint, except states that Arthur Ashe Stadium was built in 1997 and hosts US Open matches, including the finals.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint, except states that the US Open has been contested at the National Tennis Center since 1978.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint, except states that Slew Hester was recognized in several ways for his contributions to the sport of tennis.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint, except states that a plaque of Slew Hester's likeness was placed at the National Tennis Center.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint, except states that a restaurant named "Slew's Place" existed at the National Tennis Center.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, except states that public records refer to Slew Hester as a "chairman emeritus" of the US Open.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, except states that public records reference Slew Hester's induction into the International Tennis Hall of Fame.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, except states that, based on information and belief, the Award is presented by USTA Southern, a separate and distinct entity from the USTA.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint, except states that following Slew Hester's demise, the USTA agreed to make available to Plaintiffs subscription rights to attend the US Open.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint, except states that following the opening of Arthur Ashe Stadium in 1997, certain matches previously held in Louis Armstrong Stadium were moved to Arthur Ashe Stadium.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint, except states that the Hesters commenced the litigation captioned *Kathryn Hester, et al. v. United States Tennis Association, Inc.*, No. 3:97-cv-631-WHB (S.D. Miss. 1997).

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint, except states that construction to Arthur Ashe Stadium is underway.

59.     Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant admits that the Hesters are alive, but the USTA denies knowledge or information sufficient to form a belief as to the Hesters' physical and mental health.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint and refers the Court to the parties' communications for the contents contained therein.  *See* ECF No. 18.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint and refers the Court to the parties' communications for the contents contained therein.  *See* ECF No. 18.

67.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

## COUNT ONE – BREACH OF CONTRACT

81.     Defendant repeats and realleges each and every response to Paragraph 1 through Paragraph 80 of the Complaint as if fully set forth herein.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint and refers the Court to the Settlement Agreement for its true and complete terms.

88. Defendant admits that the Hesters are alive, but the USTA denies knowledge or information sufficient to form a belief as to the Hesters' physical and mental health.

89. Defendant admits the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint and refers the Court to the parties' communications for the contents contained therein.  *See* ECF No. 18.

## COUNT TWO – BAD FAITH BREACH OF CONTRACT

94. Defendant repeats and realleges each and every response to Paragraph 1 through Paragraph 93 of the Complaint as if fully set forth herein.

95. Defendant repeats and realleges each and every response to Paragraph 1 through Paragraph 94 of the Complaint as if fully set forth herein.

96. Paragraph 96 of the Complaint contains conclusions of law, not allegations of fact, to which no response is required.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint, except states that the USTA has fulfilled its obligations under the Settlement Agreement.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

### COUNT THREE – INJUNCTION AND SPECIFIC PERFORMANCE

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint, except states that the prices communicated to the Plaintiffs are the same as the prices communicated to other customers for similar seats.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in Paragraph 119 of the Complaint.

## AFFIRMATIVE DEFENSES

120.    Without assuming the burden of proof where such burden properly rests with Plaintiffs and without waiving, and expressly reserving, the right to assert any and all such defenses at such time and to such extent that discovery and factual or legal developments may establish a basis therefor, Defendant USTA hereby asserts the following as and for additional defenses to the Complaint:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

121.    The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

122.    Plaintiffs' claims are barred, reduced, or limited because of Defendant's substantial performance.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

123.    To the extent Plaintiffs sustained damages, such damages were not the proximate result of Defendant USTA's actions or inactions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

124.    To the extent Plaintiffs sustained damages, such damages were less than the damages alleged in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

125.    Plaintiffs' claims are barred by waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

126.    Plaintiffs' claims are barred by laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

127.    Plaintiffs' claims are barred by impossibility.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

128.    Plaintiffs' claims are barred under the doctrine of equitable estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

129.    Plaintiffs' claims are barred because Plaintiffs have an adequate remedy at law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

130.    Plaintiffs' claims are barred under the doctrine of mutual mistake.

Dated: May 19, 2026

**DENLEA & CARTON LLP**

By:  */s/ Jeffrey I. Carton*_____
Jeffrey I. Carton
Catherine H. Friesen
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jcarton@denleacarton.com
cfriesen@denleacarton.com


*Counsel for United States Tennis Association, Inc.*