USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________________
DATE FILED: 9/25/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILLIAM E. HESTER, III and KATHRYN H. HESTER,

Plaintiffs,

v.

UNITED STATES TENNIS ASSOCIATION, INC,

Defendant,

**26-Civ-3701 (AT)**

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Plaintiffs William E. Hester, III and Kathryn H. Hester ("Plaintiffs") and Defendant United States Tennis Association Inc. ("USTA"), the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the documents and information exchanged in this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action (including their respective corporate parents, successors and assigns), their representatives, agents, experts and consultants, all third parties providing Discovery Material in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

**Definitions**

1. The following definitions shall apply to this Stipulation and Protective Order:

(a) The term "Confidential Information" means documents or information containing non-public business, commercial, financial, personal, or proprietary information, including but not limited to commercially or competitively sensitive information, confidential research or development information, trade secrets, information of a personal or intimate nature regarding any individual and/or information that is subject to a contractual or other duty of confidentiality owed by a

Party to a third party. Confidential Information may include documents or things produced in this action (during formal discovery or otherwise), information produced by Non-Parties, responses to discovery requests, and information or other items disclosed during depositions, hearings, or at trial.

(b) The term "Discovery Material" means information of any kind produced or disclosed pursuant to and in the course of discovery in this action.

(c) "Confidential Discovery Material" means Confidential Information which has been produced or disclosed pursuant and in the course of discovery in this action.

(d) The term "Party" means any party to this action and all of their respective officers, directors, employees, consultants, retained experts, and counsel (and their respective support staff).

(e) The term "Designating Party" means the Party or Non-Party producing or designating information as Confidential Information under this Stipulation and Protective Order.

(f) The term "Receiving Party" shall mean the Party or Non-Party to whom Confidential Information is produced.

(g) The term "Non-Party" means an entity or individual other than a Party, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their respective support staff).

**<u>Disclosure and Production of Confidential Information</u>**

2. Each Designating Party that produces or discloses any Discovery Material that constitutes Confidential Information shall designate it as such. In designating Confidential Information, the Designating Party shall mark the item or each page of a document "Confidential," or, under appropriate circumstances, "Confidential – Attorneys' Eyes Only."

(a) A Party or Non-Party may designate Confidential Information as "Confidential" when, in the reasonable judgment of the Designating Party, the information is Confidential Information. Information originally designated as "Confidential" shall not retain the status after any ruling by the Court denying such status to it.

(b) When documents or things are produced for inspection, they may be collectively designated as "Confidential" for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential," after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidential documents before they are copied and marked "Confidential" pursuant to this procedure.

3. Any Receiving Party subject to this Protective Order who receives any Confidential Discovery Material shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

4. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document in this Litigation by any Designating Party, that such Party claims should have been withheld on grounds of privilege (an "Inadvertently Produced Privileged Document" or "Clawed Back Document"), including but not limited to the attorney-client privilege and work-product doctrine, will not be deemed, in itself, to waive any privilege or work-product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and producing for future public use another copy of said Discovery Material with Confidential Information redacted.

6. With respect to deposition transcripts and exhibits, a Party proposing to designate a deposition or its exhibits, in whole or in part, as "Confidential" must communicate which parts of the transcript must be so designated within thirty (30) days after receipt of the final transcript. Failure to so designate within the period shall be deemed a waiver unless a longer designation is agreed to by both Parties. A Designating Party or that Party's counsel may designate such portion as "Confidential" either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded and the final transcript received, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

7. If at any time a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential Information, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential Discovery Material under the terms of this Protective Order.

8. Information designated "Confidential" may be disclosed only to the following:

(a) the Parties to this action;

(b) counsel for the Parties, including in-house counsel and counsel of record, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as e-discovery vendors, copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party as a consultant, expert witness or otherwise to provide specialized advice to counsel in connection with this action or assist counsel in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) the Designating Party as to information designated as "Confidential" by such Designating Party;

(i) stenographers engaged to transcribe depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

"Attorneys' Eyes Only" material may be disclosed only to outside counsel of record and their staff; retained independent experts and consultants to the extent deemed necessary by counsel, provided that each such person first executes Exhibit A and is not a current employee, officer, director, or consultant of any competitor, lender, licensee, distributor, or commercial counterparty of either Party; the arbitrator and AAA personnel; vendors consultants to the extent deemed necessary by counsel; and witnesses only upon consent of the producing party or arbitrator order. "Attorneys' Eyes Only" material shall **not** be shown to business principals, officers, or employees of the receiving party absent consent or order.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Designating Party a written notice stating with

particularity the grounds of the objection. The Parties will meet and confer within seven (7) days of the receipt of such notice. If the Parties cannot reach a resolution of the Dispute, the Party asserting the confidentiality designation must file a motion for a protective order in accordance with this Court's rules within seven (7) days from the date of the meet and confer. Failure to take up the matter within seven (7) days will constitute waiver of the confidentiality designation. The deadlines in this provision may be extended by agreement of the parties to allow for more time to meet and confer and resolve any dispute.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in appropriate circumstances) may at any time prior to the trial of this action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with this Court's rules.

11. If the Receiving Party learns that Confidential Discovery Material produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulation and Protective Order, the Receiving Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure, use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request such person or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so, and the producing person will bear the burden of opposing compliance with the subpoena or other compulsory process or other legal notice it the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow the applicable provisions of the Federal Rules of Civil Procedure, rules and

standing orders of the U.S. District Court for the Southern District of New York, and this Court's rules. The Parties shall use their best efforts to minimize such sealing.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential Information.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

17. Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

20. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed except that data in electronic form may be destroyed with the Receiving Party confirming that such destruction has been effectuated. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain Confidential Information or constitute Confidential Discovery Material remain subject to this Order.

21. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: September 23, 2026

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ *P. Garner Vance*
Simon T. Bailey
Jennifer M. Ersin
P. Garner Vance
188 E. Capitol Street, Suite 1000
Jackson, MS
(601) 592-9941

*Attorneys for Plaintiffs William E. Hester, III and Kathryn H. Hester*

DENLEA & CARTON LLP

/s/ *John P. Kane*
Jeffrey I. Carton, Esq.
Catherine H. Friesen, Esq.
John P. Kane, Esq.
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
(914) 331-0100

*Attorneys for Defendant United States Tennis Association, Inc.*

Nothing in this order alters the parties' obligations to follow the procedures for filing under seal or with redactions set forth in the Court’s Individual Practices.

SO ORDERED.

Dated: September 25, 2026
New York, New York

ANALISA TORRES
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILLIAM E. HESTER, III and KATHRYN H. HESTER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES TENNIS ASSOCIATION, INC,<br><br>Defendant, | **26-Civ-3701 (AT)**<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: __________________ ______________________________